(15 App. Div. 498.)

LORING v. MORRISON et al.

(Supreme Court, Appellate Division, Second Department. April 6, 1897.)

SET-OFF—WHEN ALLOWED—RIGHTS OF SURETIES.
    The surety on a note given for the price of goods sold to the principal may,
    when sued on the note, set off damages arising from a breach of warranty
    in the sale.

Appeal from Orange county court.
Action by John D. Loring against Alexander Morrison and another.
From a judgment entered on a verdict in favor of plaintiff, and from
an order denying a motion for new trial, defendants appeal. Re-
versed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

A. H. F. Seeger, for appellants.

J. A. Thompson, for respondent.

GOODRICH, P. J.　The action is brought upon a promissory note made by the defendants jointly.　The answer sets up the defense that the note was given for the price of two cows sold by the plaintiff to the defendant Morrison under a certain warranty, and that the defendant Murphy signed the note as surety at the request of and for the accommodation of Morrison, and claimed to recoup and counterclaim damages for the breach of the warranty.　The plaintiff's reply admitted that the note was given for the price of the cows, but denied the warranty, or that any damages were sustained by the defendants by its breach, and further denied that the statements constituted a valid legal defense, by way of counterclaim, of the character specified in section 501 of the Civil Code.　At the trial there was conflicting evidence as to the warranty and its breach, but no question but that Murphy had signed the note as surety.　At the close of the evidence the court directed a verdict for the plaintiff on the ground that the defense was a defense in favor of one defendant only.　On a motion for a new trial, the court delivered an opinion in which it was stated that the damage suffered by the defendant Morrison was alleged as a counterclaim, but did not refer to the fact that the defendants claimed to recoup, as well as to counterclaim the damages, and denied the motion for a new trial.

Especial reliance is placed by the respondent on the case of Coffin v. McLean, 80 N. Y. 560, which was an action brought upon an undertaking given by three of the defendants, as sureties for one Meade, in an action brought against them by Meade, in which Coffin, as assignee of Meade, was afterwards substituted as plaintiff, for the claim and delivery of personal property.　The court held that the several defendants were not entitled to set off a claim not arising out of the contract; in other words, that the defendants could not, in an action at law, set off an independent indebtedness of Meade to the principals in the undertaking.　The court, however, recognized the defendants' right in equity to have the set-off, and used the following language, Judge Folger writing the opinion:

"We think that in the present temper of the law and the courts for reaching the merits of a litigation, without regard too much to the frame in which the pleadings have set the issue, the defense may be treated as an equitable one; and, if there were need, the pleadings would now be amended to take in averments of the facts as shown on the trial. * * * If equity would allow the set-off here claimed against Meade, were he plaintiff in this action and the owner of the claim in suit, then it will allow it against Coffin, his assignee, who is plaintiff; for the latter takes the claim subject to all equities against Meade existing at the time of the assignment."

But the question has been directly decided by the general term of the Third department in the case of Horton v. Dow, 10 N. Y. St. Rep. 139, where the court said:

"It does not seem to be disputed that George H. was in fact a surety, although he signed as maker. If he was surety, of course, he was surety only for the indebtedness of his principal. And if the principal did not owe this note, or

owed only part of it, it would be difficult to understand how the surety could owe the whole."

The judgment and order denying new trial should be reversed. All concur.