### LORING v. MORRISON et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1898.)

1. RIGHT TO COSTS.
    Where the plaintiff in an action recovers a verdict for $50 or more, he is entitled to costs, under Code Civ. Proc. § 3228, even though the award equals or exceeds that amount only by virtue of the inclusion of interest on the principal sum demanded.

2. SAME—OFFER OF JUDGMENT.
    An offer of judgment, under Code Civ. Proc. § 738, must be for costs as well as for a specified sum, in order to operate to cut off future costs in case of plaintiff's failure to obtain a more favorable judgment.

Appeal from Orange county court.

Action by John D. Loring against Alexander E. Morrison and Patrick Murphy. Appeal by defendants from an order on review of taxation of costs in favor of plaintiff. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. H. F. Seeger, for appellants.
J. A. Thompson, for respondent.

WILLARD BARTLETT, J. When the appellate division granted a new trial of this action, it directed that the costs should abide the event. Loring v. Morrison, 15 App. Div. 498, 44 N. Y. Supp. 526. That direction meant that the party who succeeded upon the new trial should have the costs of the appeal to this court. A motion to resettle our order, so as to give costs only to the defendants in case they should be successful, was denied, and the correctness or propriety of the direction as to costs is not open for consideration upon the present appeal. On the last trial the plaintiff recovered judgment in the sum of $50.08. This was made up of $45.50 found to be due to the plaintiff upon the note in suit, and $4.58 of interest thereon. The appellants insist that this interest cannot be regarded as part of the recovery for the purpose of fixing the right to costs, and that, inasmuch as the principal sum due on the note was less than $50, the plaintiff is not entitled to costs, under section 3228 of the Code of Civil Procedure. It seems to us, however, immaterial how the verdict is made up, if the total amount awarded by the jury equals or exceeds the sum of $50. We agree with the learned county

judge that the provision of section 3228 of the Code, relating to this matter, deals only with the final result of the action. The amount demanded in the complaint was upward of $74. The defendants offered to allow judgment for $60, and it is argued that the plaintiff cannot recover costs, because the judgment rendered is not more favorable than was the offer. The offer, however, cannot be regarded as having had any effect whatever, inasmuch as it did not include costs. Code Civ. Proc. § 738; Leslie v. Walrath, 45 Hun, 18. The costs appear to have been taxed by the county judge in strict accordance with the statute, and the order appealed from must therefore be affirmed. If the taxation involves any hardship to the appellants, it is wholly due to the requirements of law, from which we have no power to relieve them. Order affirmed, but without costs of this appeal. All concur.