WILLIAMS *v.* CRANE.

1. ASSUMPSIT—ACTION—GROUNDS—COMMON COUNTS.
    Recovery may be had by a servant, under the common counts
    in assumpsit, for the value of services performed, subject to
    a deduction for failure of plaintiff to perform his contract,
    where he left the service before completion of the contract
    period.

2. MASTER AND SERVANT — ACTION FOR WAGES — BURDEN OF
    PROOF.
    Where the services of a servant are accepted by the master,
    and action is brought to recover their value, the burden is
    not upon the servant of proving faithfulness, but the burden
    of proving the contrary is upon the master.

3. SAME—EVIDENCE—FIDELITY OF SERVANT—SUFFICIENCY.
    Evidence that a servant employed to conduct a farm sold some
    of the crops and applied the proceeds upon his own claim for
    services, it being inferable that both parties intended that
    course to be pursued, and that there were some items for
    which credit was not given until attention was called to them,
    do not justify the court in saying as a matter of law that the
    servant was lacking in fidelity.

4. SAME—ACTION FOR WAGES—DAMAGES.
    After entering upon performance of a contract under which
    plaintiff was to work defendant's farm for a share of the
    crops, the parties abandoned the contract and agreed that the
    relation between them should be that of master and servant,
    the term of service to begin at the time the tenancy began.
    Before the change in their contract relations plaintiff did
    some work for other people, for which he received pay, but
    no loss occurred to defendant in consequence of plaintiff's
    absence while working for others. In an action by plaintiff
    to recover the value of his services, *held*, that defendant
    could not have credit for the money earned by plaintiff, but
    that he could not be charged with plaintiff's time while earn-
    ing it.

5. SAME—VALUE OF SERVICES—EVIDENCE.
    Where defendant testified that plaintiff's compensation for
    running his farm was to depend upon the good results ob-

tained, he could not complain that plaintiff introduced testimony to show the value of the crops produced under his management.

Error to Lenawee; Chester, J. Submitted May 4, 1908. (Docket No. 83.) Decided May 26, 1908.

Assumpsit by James M. Williams against Arthur P. Crane for work and labor. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Smith, Baldwin & Alexander*, for appellant.

*John L. O'Mealey* (*Bird & Sampson*, of counsel), for appellee.

Defendant, a resident of the city of Adrian in this State, owns a farm located several miles distant. Plaintiff became defendant's tenant on this farm April 1, 1903, under an arrangement whereby each was to have a share of the crops raised and sold. In August of that year it was agreed that their relation should be that of master and servant instead of landlord and tenant, and that this relation should date back to April 1, 1903. No stated wages were agreed upon. Defendant testifies that plaintiff's wages should depend "upon the good results obtained," while plaintiff testified that defendant said: "I will guarantee I will satisfy you." Under this arrangement the farm was carried on by plaintiff. He harvested the crops, marketed a portion thereof, used part of the proceeds in paying the expenses and applied the balance upon his claim for wages. Plaintiff testifies that in December he went to defendant's house—

"In Adrian and asked him what he had made up his mind as to what the value of the work was worth, and he said he didn't have time to talk with me that day. I said that I would like to know because it was getting along to the end of the year and if I could agree on a price I just as soon work for him in the future as anybody. I saw him next in February and asked him if he was ready to

settle up. * * * I was not able to see him between the time in December and sometime along in February. I said it is drawing now toward spring and I want to know whether I am going to stay or not, if I am not I want to know it; I want to know what I am going to get out of my summer's work and be in shape to take another farm. He said he didn't have time to take it up that day. * * * I told him I was going to move by the first of March and I wanted someone there to take my place. * * * He said there were some things there he did not understand, and some day when we got together he would look it over with me. But that day never came. * * * I told him I would give him until the 10th of March to get someone there to take my place. * * * I remained on the farm until the 10th of March " and on that day he left.

In May he brought this suit declaring upon the common counts in assumpsit, furnishing a bill of particulars and recovered a verdict and judgment for the reasonable worth of his services. Defendant seeks a' reversal on various grounds, which will be discussed in this opinion.

CARPENTER, J. (*after stating the facts*). 1. The first question for consideration arises from the contention of defendant's counsel that recovery should not have been permitted upon the common counts in assumpsit. We do not think this question a doubtful one. Under the testimony in this case, plaintiff had performed certain services for defendant for which he was entitled to be paid money. Even if it were true, as defendant contends, that plaintiff was bound to stay until April 1, 1904, he would, none the less be entitled to recover, subject to a deduction for failure to perform his contract, and this recovery could be had under the common counts in assumpsit. *Allen* v. *McKibbin*, 5 Mich. 449; *Bush* v. *Brooks*, 70 Mich. 446.

2. It is insisted that plaintiff could not recover because he did not perform the burden resting upon him of proving that he was a faithful servant. Indeed, it is urged that his testimony respecting the sale of the crops and the application of a portion of the proceeds upon his own

claim proves his lack of fidelity. It is not true that there rested upon plaintiff the burden of proving fidelity. When the services of a servant are accepted and received, as in this case, the burden of proving the contrary rests upon his employer. Nor can it be said in this case that the testimony of plaintiff negatived his fidelity to his employer. The sale of the crops and the application of the proceeds were, under the circumstances disclosed by this record, presumably in accordance with the contract of employment. It is to be inferred that both parties intended that course to be pursued.

The point is also made that there were some items which plaintiff improperly failed to credit to defendant. When these were brought to his attention, plaintiff admitted his error and said they should be credited. This does not justify our saying as a matter of law that plaintiff was lacking in fidelity.

3. Before the altered relations between the parties to this suit, plaintiff had done some work for other people, for which he was paid a certain amount of money. Defendant insisted that he should have credit for this money. The trial court denied this and held that defendant should not be charged with plaintiff's time while he was earning this money. It does not appear from the testimony that any loss occurred to defendant in consequence of plaintiff's absence while working for others. Under these circumstances, we think the rule applied by the trial judge the correct rule.

4. Plaintiff was asked this question:

"Have you made an estimate as to what had been sold off the farm during the year that you were there, and the value of what remained to be sold as the products of the farm, what it would yield for that year, and as to how much it would amount to?"

Defendant objected, upon the ground that this was immaterial and incompetent, and the witness answered, "something over $1,600." We do not think the ruling of the trial court erroneous. If the jury had believed

defendant they would have had occasion to use this testimony, for, according to defendant, plaintiff's compensation depended upon the good results produced. Defendant cannot complain because plaintiff introduced testimony which would be needed in the event of his being credited as a witness.

Other complaints are made, but they disclose no reversible error, and their discussion would be of no service to the parties or to the legal profession.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.