## ARTHUR LYNN v. IVER SEBY.

(L.R.A. 1915 —, 151 N. W. 31.)

**Thresher — action by to recover balance — counterclaim by defendant — unfinished threshing — contract — damages — depreciation in price — remote.**

    1. Plaintiff, a thresher, agreed to thresh all the grain of defendant. He

---

Note.—The question of the effect of remoteness on the recovery of damages for breach of contract is considered in a note in 53 L.R.A. 37. This note also contains

threshed the wheat and oats and refused to thresh the flax. Defendant paid a portion of the thresh bill for the grain threshed. On suit by plaintiff for the balance defendant counterclaims for damage to the unthreshed flax by the elements after plaintiff's refusal to thresh the same and before defendant could procure it to be threshed; also, for $25, the amount of the difference between what defendant would have been charged under the agreement and the amount he was obliged to pay for flax threshing; also, for the depreciation in market price between the time when it should have been threshed and the time it was threshed; and that if the damage by the elements is too remote to be recovered, that plaintiff, because of his breach of contract, should not be allowed a recovery, and the court should leave the parties as it finds them and dismiss the action. *Held*, that under the rule announced in Hayes v. Cooley, 13 N. D. 204, damage to said grain by the elements is too remote for allowance, and as that case established a rule in this state, it will be followed and not overruled.

**Excess thresh bill necessarily paid — counterclaim for.**

2. Defendant may counterclaim, as was allowed by the trial court, and recover for any excess in thresh bill paid for threshing the flax over what he would have paid had plaintiff performed the contract and threshed the flax.

**Market price — depreciation — counterclaim for — speculative.**

3. Defendant's counterclaim for depreciation in the market price of flax between the time of plaintiff's refusal to thresh and the time when the flax was threshed is wholly speculative and conjectural and cannot be allowed.

**Damages — measure of — difference in cost of threshing.**

4. Plaintiff may recover for the balance of the thresh bill remaining over and above the counterclaim for difference in threshing. Where the work and labor performed before the breach of contract by the party afterwards breaching it is beneficial to the other party, the latter will be required to pay therefor under promise implied in law to pay its reasonable value.

**Complaint — theory — express contract — judgment — *quantum meruit* — issues tried and submitted — supreme court will not consider change.**

5. Judgment was awarded on the theory that the complaint constituted a basis for the recovery. Defendant now seeks to urge on appeal that as the complaint is upon an express contract, judgment as upon *quantum meruit* should not have been ordered. *Held*, that on the record this constitutes an attempt to change the theory of trial, and the appellate court will pass upon the same issues only as those presented to the trial court, and will not permit defendant to urge the additional issue that the complaint is insufficient to support the judgment.

Opinion filed January 30, 1915.

---

a division devoted to the question of the measure of damages for breach of contracts for services.

From the judgment of the District Court of Eddy County, *Bultz, J.,* defendant appeals.

Affirmed.

*N. J. Bothne,* for appellant.

The court erred in sustaining the plaintiff's demurrer to that part of defendant's counterclaim relating to damages for loss in difference in price of grain, caused by respondent's failure to timely perform his contract. Rev. Codes 1905, § 6563.

Where a contract is entire and one party, not in default, is willing to complete its performance, the other party, who abandons the contract or refuses to perform it, cannot recover on *quantum meruit* the value of the labor he has expended in its partial performance. The fixing of the price per bushel for threshing does not make the contract severable. Johnson v. Fehsefeldt, 106 Minn. 202, 20 L.R.A.(N.S.) 1069, 118 N. W. 797.

An entire contract for services cannot be apportioned so as to permit a recovery for part performance by one who is guilty of a breach of contract. Timberlake v. Thayer, 71 Miss. 279, 24 L.R.A. 231, 14 So. 446; Ptacek v. Pisa, 231 Ill. 522, 14 L.R.A.(N.S.) 537, 83 N. E. 221; McMillan v. Vanderlip, 12 Johns. 165, 7 Am. Dec. 299; Munsey v. Tadella Pen Co. 2 N. Y. Anno. Cas. 371, 38 N. Y. Supp. 159; Stewart v. Weaver, 12 Ala. 538; Olmstead v. Beale, 19 Pick. 528; Hansell v. Erickson, 28 Ill. 257; Koplitz v. Powell, 56 Wis. 671, 14 N. W. 831; Lantry v. Parks, 8 Cow. 63; Badgley v. Heald, 9 Ill. 64; Prautsch v. Rasmussen, 133 Wis. 181, 113 N. W. 416; Widman v. Gay, 104 Wis. 277, 80 N. W. 450; Parsons, Contr. 519, 658, 659.

This action is upon an express contract, and not one by which *quantum meruit* damages can be recovered.

The complaint is upon an express contract, and there is no allegation as to the reasonable value of the services rendered, or any intimation of intention to recover upon such ground or cause. 3 Words & Phrases, 2606; Tharp v. Blew, 23 N. D. 3, 135 N. W. 659; Lowe v. Jensen, 22 N. D. 148, 132 N. W. 661; Bentley v. Edwards, 125 Minn. 179, 51 L.R.A.(N.S.) 254, 146 N. W. 347; 9 Cyc. 749; Morrow v. Board of Education, 7 S. D. 553, 64 N. W. 1126.

The answer states a valid, substantial defense and it was error to

order judgment on the pleadings. Nollman v. Evenson, 5 N. D. 344, 65 N. W. 686; Anderson v. Todd, 8 N. D. 158, 77 N. W. 599; Braseth v. State Bank, 12 N. D. 486, 98 N. W. 79; Marchand v. Perrin, 19 N. D. 794, 124 N. W. 1112; Von Rosenberg v. McDonald, 24 Misc. 771, 53 N. Y. Supp. 551.

*Maddux & Rinker,* for respondent.

Where a thresher fails to do the threshing, and loss to the grain is occasioned by the elements, the damages resulting are too remote to admit of recovery. Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250.

This is also true as to defendant's claim for damages resulting to him, in the difference or change in price of the grain, on same ground, and on the further ground that same is speculative. Ibid.

The contract is conceded to be entire in its nature. But plaintiff may recover for the value of his services, less any provable damages sustained by defendant, by reason of plaintiff's failure to strictly or substantially perform his entire contract. Fenton v. Clark, 11 Vt. 560; Hillyard v. Crabtree, 11 Tex. 264, 62 Am. Dec. 475; Pixler v. Nichols, 8 Iowa, 106, 74 Am. Dec. 298; McClay v. Hedge, 18 Iowa, 66; Duncan v. Baker, 21 Kan. 99; Parcell v. McComber, 11 Neb. 209, 38 Am. Rep. 366, 7 N. W. 529; Bedow v. Tonkin, 5 S. D. 432, 59 N. W. 222.

But the amount of recovery cannot exceed the amount of the contract. Bedow v. Tonkin, 5 S. D. 432, 59 N. W. 222; Parcell v. McComber, 11 Neb. 209, 38 Am. Rep. 366; 7 N. W. 529.

In this case there is no question or dispute as to the value of the services actually performed by plaintiff, as was the condition in the South Dakota case cited by counsel. Morrow v. Board of Education, 7 S. D. 553, 64 N. W. 1126.

Goss, J. Plaintiff has recovered judgment against defendant for a small amount as a balance of a thresh bill. Judgment was granted upon the pleadings. In brief, plaintiff agreed to thresh all of defendant's grain. He threshed the wheat and oats, but refused to thresh the flax. Defendant was unable to procure threshing of his flax that fall, and defends and counterclaims for the amount of the resulting damage from the flax remaining unthreshed through the winter. The contract for threshing was the usual one, with no special provision whereby

plaintiff agreed to be responsible in damages for more than ordinary liability. Therefore his counterclaim did not plead a cause of action for damages, under the holding in Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250, for the reason that the loss of grain through resulting exposure to the elements is a remote, and not a proximate, consequence of the breach of the contract, and will not sustain a recovery, the measure of which is defined by § 7146, Comp. Laws 1913, merely declaratory of the common law. It cannot be said that such damages are those "which in the ordinary course of events would be likely to result" from the breach of the contract by plaintiff. Defendant concedes this to be the declared law of this state, but avers that the same should be either overruled or there should be engrafted thereon the further condition that if defendant cannot recover such damages plaintiff should not be allowed to breach his contract and also recover for the part performance by him. Or, in other words, that the parties should be left as they are found, and if plaintiff sees fit to breach his contract, that he should go without pay for the portion performed, and for which he would have received payment had he fully performed.

The question is an important one, and no doubt much can be said towards and much authority cited sustaining the contention of the defendant. The rule at common law was against plaintiff's recovery until the case of Britton v. Turner, 6 N. H. 481, 26 Am. Dec. 713, was decided in 1834, in disregard of precedent. But the reasoning of that case is so cogent that it seems to have at least divided, if not changed, the current of authority. It first recognized the fact of the benefits of the part performance to the party who would keep such benefits, incapable of being returned, and still avoid paying anything for the benefits accrued where the contract is not fully performed. It may be remarked that besides affecting parties similarly situated to those before us, this decision must also be precedent upon the right of recovery of those in analogous positions; as, for instance, the farm laborer who hires for the summer and at the end of six months' labor performed quits his employment, and similar cases, where the contract is indivisible. An equitable rule has gradually developed permitting a recovery for the value of the services rendered, irrespective of the breach, giving to the other party to the contract a corresponding right of action in damages separately or in mitigation of the plaintiff's recovery, so

that the rights of both may be equitably adjusted at law, notwithstanding the breach and nonperformance of the contract. Bedow v. Tonkin, 5 S. D. 432, 59 N. W. 222; Ball v. Dolan, 21 S. D. 619, 15 L.R.A. (N.S.) 272, 114 N. W. 998; Stolle v. Stuart, 21 S. D. 643, 114 N. W. 1007; Williams v. Crane, 153 Mich. 89, 116 N. W. 554; Allen v. McKibbin, 5 Mich. 449; Bush v. Brooks, 70 Mich. 446, 38 N. W. 562; Buckwalter v. Bradley, 31 Ky. L. Rep. 1177, 104 S. W. 970; Byerlee v. Mendel, 39 Iowa, 382; Pixler v. Nichols, 8 Iowa, 106, 74 Am. Dec. 298; Hillyard v. Crabtree, 11 Tex. 264, 62 Am. Dec. 475; Burkholder v. Burkholder, 25 Neb. 270, 41 N. W. 145; Duncan v. Baker, 21 Kan. 99; Pitts v. Pitts, 21 Ind. 309. This is true only where that which has been received by the employer under the partial performance has been beneficial to him. "The implication of a promise in all such cases is derived from the fact that the performance has been beneficial to him." 9 Cyc. 689 and 685. In this case it must be admitted that the threshing done was of substantial benefit to defendant and a partial performance of his contract. While there is a division of authority, and the weight of authority from the number of holdings alone, 26 Cyc. 1042, would deny a right of recovery, yet we prefer to follow the other line of authority. Either rule must, under certain circumstances, work injustice. Otherwise there would be no division in authorities. We elect to follow that which we believe to be the trend of authority. It may be noted that cases of default under sales contracts, similar to Pfeiffer v. Norman, 22 N. D. 168, 38 L.R.A. (N.S.) 891, 133 N. W. 97, must not be taken as analogous to contracts for work and labor as involved in the instant case. The implications arising from the reception of benefits of part performance of employment contracts where that which is so received cannot be returned, has no analogy to sale transactions where a portion of the price is paid and the party to pay the balance sees fit to default and attempts to recover back what he has paid in partial performance and before his default. Likewise a different equitable rule has developed under building contracts, the rule of substantial compliance and performance, and such authorities are not strictly applicable.

But defendant asserts that conceding plaintiff might have recovered upon the *quantum meruit*, he has pleaded an express contract with partial performance only, and that it was error for the court to grant

him judgment as a recovery of the reasonable value of the services. The record of proceedings on trial is here. The sufficiency of the complaint was not challenged; the issues were formulated, argued, and disposed of upon the sufficiency of the defense and counterclaim, and on the theory that plaintiff would be entitled to recover except for the defense and counterclaims asserted, and which, under the motion attacking them, were held insufficient for either purpose. Defendant's attorney is quoted in the record as follows: "The defendant objects to judgment on the pleadings on the ground that the defendant has stated a good and valid defense to plaintiff's cause of action,—has alleged the nonperformance of the contract,—and on that I think the motion should be denied." It was then admitted "that the correct number of bushels of each of those kinds of grain threshed by the plaintiff for the defendant under this contract are as set up in the complaint." The court thereupon granted "the motion for judgment on the pleadings, of course considering the record and the stipulations that are in the record." It is elementary that a party cannot adopt one position in the trial court and thereafter urge a different one here for reversal. This court must rule upon the same issues as did the trial court, and not upon new ones. Defendant is therefore bound by the theory of trial pursued by him, and will not be heard to allege that plaintiff cannot recover because he has not sued on the *quantum meruit* instead of upon an express contract. The judgment is affirmed.