BUTLER BROTHERS, a Corporation, v. JOHN J. SCHMIDT and Jacob M. Schmidt, Copartners under the Firm Name and Style of Schmidt Brothers.

(155 N. W. 1092.)

**County court — action commenced in — increased jurisdiction — venue — change of — district court — other county — party prevailing — entitled to costs.**

Where an action is commenced in a county court with increased jurisdiction, and a change of venue is thereafter ordered to the district court of another county, under the provisions of § 8954 Comp. Laws, the prevailing party is entitled to have costs taxed and allowed as in a county court having increased jurisdiction.

Opinion filed December 28, 1915.

An appeal from the District Court of Sheridan County. Honorable *W. L. Nuessle,* J.

Reversed and remanded.

*Geo. H. Stillman,* for appellant.

Where an action is properly begun in county court of increased jurisdiction, and the trial is changed to the district court of another county, the prevailing party is entitled to tax the costs as they would have been taxable and allowed had the trial proceeded where commenced. Laws of 1909, § 28, chap. 80; Rev. Codes 1905, §§ 7174, 7178, 7182, 8445, Comp. Laws 1913, §§ 7790, 7794, 7798, 9108.

*Harry E. Dickinson,* for respondents.

Costs must be taxed according to the law governing in the court where the trial is had. Actions must be commenced in the proper courts, as to the amounts involved, in order that costs shall follow. Rev. Codes 1905, § 7794, Comp. Laws 1913, § 8429; De Smet Twp. v. Dow, 4 S. D. 163, 56 N. W. 84.

CHRISTIANSON, J. The above-entitled action was originally commenced in the county court of Wells county (the same being a county court having increased jurisdiction), to recover the sum of $25.98, with interest from March 4, 1907, upon an amount for merchandise

sold and delivered by plaintiffs to defendants. The defendants are residents of Sheridan county, in this state, and, under the provisions of § 8954, Compiled Laws 1913, they demanded a change of venue from the county court of Wells county to the district court of Sheridan county. The action thereafter came on for trial in the district court of Sheridan county, and resulted in a judgment in favor of the plaintiff for the full amount sued for. The total amount of the recovery being $39.10, the trial court refused to allow costs to the plaintiff on the ground that the amount recovered was less than $50, and that under the provisions of § 7794, Compiled Laws, the plaintiff in an action (in the district court) for the recovery of money is not entitled to costs, unless he recovers $50 or more. Plaintiff appeals from such decision. The sole question presented for our determination is whether the plaintiff is entitled to recover costs.

The allowance of costs in any case depends entirely upon the terms of the statute. A court has no inherent right to award costs, but should award costs to such party and in such cases only as the statute directs. 5 Enc. Pl. & Pr. 110; 11 Cyc. 24. See also Tracy v. Scott, 13 N. D. 577, 580, 101 N. W. 905. Section 8954, Compiled Laws 1913, provides that an action may be commenced in the county court of any county in the state, subject to removal for cause; but that when the action is not commenced in the proper county, the place of trial may be changed to the proper county; and that if the county to which a change of venue is demanded or ordered "does not have a county court with increased jurisdiction, in that event a change of venue shall be granted and had to the district court of the proper county; and said action shall be tried and determined in such district court as if the same had originally been commenced in such district court, *but costs shall be taxed and allowed as in a county court having increased jurisdiction.*"

Respondents' counsel argues that this law is harsh and oppressive,— and puts a premium upon the institution of actions for small claims in county courts with increased jurisdiction. With the wisdom of the legislative policy this court is not concerned. That is purely a matter for the legislature. If an amendment is desirable, it must be obtained through legislative enactment. The intent of the law is plain, and it is the duty of this court to construe the statute under considera-

tion so as to give effect to such legislative intent, as expressed therein. The plaintiff in this action was entitled to recover costs as in a county court having increased jurisdiction, and the provisions of § 7794, Compiled Laws, have no application, except in so far as they may be applicable to the taxation of costs in the county court having increased jurisdiction. The decision of the trial court denying costs to the plaintiff is reversed, and the cause remanded, with directions that costs be taxed and allowed in favor of the plaintiff as in a county court having increased jurisdiction.