# PAUL PAULSON v. L. B. SORENSON and Halvor Halvorson.

## (157 N. W. 473.)

Plaintiff was the owner of some flax; defendant owned a threshing machine. There was a contract between the parties the terms of which are in dispute. Plaintiff claims that the threshing was to be done at a certain time, and defendant claims at another time. When defendant refused to thresh at the time contended for by plaintiff, the latter stacked the grain. This suit claims damages upon two items: First, $125,—the expense of stacking; and, second, a drop of 30 cents in the market price of the flax. The case was tried to a jury, who found for the plaintiff in the sum of $25. The trial court taxed costs in favor of the defendant. Plaintiff appeals, demanding a new trial upon the grounds that the evidence is insufficient to support his verdict, and also assigns error upon the taxation of costs against him.

Threshing of grain — contract — price of threshing — time for performance — damages for failure — evidence — defendant — appeal by — failure to — appeal must stand — new trial.

1. Upon an examination of the evidence it is *held* that plaintiff is not

entitled to more than the $25 judgment. In the absence of appeal by the defendant, the verdict will stand.

**District court — costs in — plaintiff entitled to.**

2. Under § 7794, Comp. Laws 1913, the plaintiff was entitled to costs in district court.

Opinion filed March 25, 1916.

Appeal from the District Court of Divide County, *Leighton,* J. Affirmed.

*C. E. Brace* and *E. R. Sinkler,* for appellant.

By reason of defendants' failure to perform their contract and do the plaintiff's threshing in proper time, plaintiff was compelled to and did pay out for stacking the grain a large sum, and that by such failure of defendants he lost a large amount on the market price of said grain. Such damages are not too remote, but are properly recoverable in this action. Such damages were in contemplation of the parties when they made their contract, and at the time of its breach. Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250.

The jury had no authority under the evidence to find a verdict for plaintiff in the sum of $25 only. There is no evidence to support any such verdict, or the evidence did not warrant the jury in so finding, and the verdict is contrary to the evidence under which it is wholly inadequate. Benton v. Collins, 125 N. C. 83, 47 L.R.A. 33, 34 S. E. 242.

A verdict for a sum clearly inadequate under the evidence stands upon no better or higher ground than a verdict for an excessive amount and may likewise be set aside. McDonald v. Walter, 40 N. Y. 551; Richards v. Sandford, 2 E. D. Smith, 349; Paul v. Leyenberger, 17 Ill. App. 167; Hackett v. Pratt, 52 Ill. App. 346.

Where the amount to which a party is entitled is susceptible of adjustment and ascertainment by easy computation, and a verdict is rendered lower than the lowest estimate, it should be set aside as contrary to the evidence. Fawcett v. Woods, 5 Iowa, 400; Duff v. Hutson, 2 Bail. L. 215; State ex rel. Scott County v. Wilson, 90 Ind. 114.

Such relief is clearly within the power of the court. Taunton Mfg. Co. v. Smith, 9 Pick. 11; Watson v. Harmon, 85 Mo. 443; Powers v. Gouraud, 19 Misc. 268, 44 N. Y. Supp. 249.

And such action is not an abuse of discretion where the finding in favor of the plaintiff entitled him to substantial damages, but only nominal damages are awarded. Conrad v. Dobmeier, 57 Minn. 147, 58 N. W. 870; Hood v. Ware, 34 Ga. 328; Shropshire v. Doxey, 25 Tex. 127; Howe v. Lincoln, 23 Kan. 468.

Plaintiff was entitled to costs even on the verdict as rendered. Comp. Laws 1913, § 7794; Laney v. Ingalls, 5 S. D. 183, 58 N. W. 572; De Smet Twp. v. Dow, 4 S. D. 163, 56 N. W. 84.

*Geo. P. Homnes,* for respondents.

Where one's failure to perform his contract merely exposes property to destruction by causes for which he is not responsible, the supervening cause, and not his failure to perform, is the proximate cause of loss. Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250; 1 Sedgw. Damages, § 152; Daniels v. Ballantine, 23 Ohio St. 532, 13 Am. Rep. 264; Jones v. Gilmore, 91 Pa. 310, 1 Am. Neg. Cas. 929; Dubuque Wood & Coal Asso. v. Dubuque, 30 Iowa, 176; Morrison v. Davis, 20 Pa. 171, 57 Am. Dec. 695; Denny v. New York C. R. Co. 13 Gray, 481, 74 Am. Dec. 645; Memphis & C. R. Co. v. Reeves, 10 Wall. 176, 19 L. ed. 909; Comp. Laws 1913, § 7146; Prosser v. Jones, 41 Iowa, 674; Fuller v. Curtis, 100 Ind. 237, 50 Am. Rep. 786; Peters v. Whitney, 23 Barb. 24; Riech v. Bolch, 68 Iowa, 526, 27 N. W. 507.

The gain which plaintiff might have made on the market price of the grain had the threshing been done is a matter wholly speculative and remote. Coweta Falls Mfg. Co. v. Rogers, 19 Ga. 416, 65 Am. Dec. 602; Bosqui v. Sutro R. Co. 131 Cal. 390, 63 Pac. 682, 9 Am. Neg. Rep. 233; Liming v. Illinois C. R. Co. 81 Iowa, 246, 47 N. W. 66.

Compensation for actual, tangible, and provable loss only may be given. Smeed v. Foord, 1 El. & El. 602, 28 L. J. Q. B. N. S. 178, 5 Jur. N. S. 291, 7 Week. Rep. 266; Houser v. Pearce, 13 Kan. 104.

After a breach of contract by one party, it is the duty of the other contracting party to do all in his power to prevent or reduce the damages that may result. Wells v. National Life Asso. 53 L.R.A. 108, note; Davis v. Fish, 1 G. Greene, 406, 48 Am. Dec. 387; Gniadck v. Northwestern Improv. & Broom Co. 73 Minn. 87, 75 N. W. 894; 1 Sedgw. Damages, 201, 202.

A specification of insufficiency of the evidence to sustain the verdict

or decision shall point out wherein the evidence is insufficient. Comp. Laws 1913, § 7656; 29 Cyc. 944.

A party cannot appeal from a part of a judgment. Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129; Crane v. Odegard, 11 N. D. 342, 91 N. W. 962.

In an action for the recovery of money, where plaintiff's recovery is less than $50, he is not entitled to costs. It is the amount recovered, and not the amount for which suit is brought, that determines the right to costs. Comp. Laws 1913, § 7794; Pyle v. Hand County, 1 S. D. 385, 47 N. W. 401; Goldberg v. Kidd, 5 S. D. 169, 58 N. W. 574; De Smet Twp. v. Dow, 4 S. D. 163, 56 N. W. 84; Alexander v. Hard, 42 How. Pr. 131; Landsberger v. Magnetic Teleg. Co. 8 Abb. Pr. 35; Kreuger v. Zirbel, 2 Wis. 233; Peet v. Warth, 1 Bosw. 653; Mechl v. Schwieckart, 67 Barb. 599.

Where the amount recovered shows that the cause was within the jurisdiction of an inferior court, the defendant is entitled to costs. Goldberg v. Kidd, 5 S. D. 169, 58 N. W. 574; 5 Standard Proc. p. 879; Laney v. Ingalls, 5 S. D. 183, 58 N. W. 572.

Burke, J. Plaintiff was the owner of some flax, defendant owned a threshing machine. Defendant agreed to thresh for plaintiff, but there is a dispute as to the terms of the contract. Plaintiff claims defendant was to thresh his flax immediately after a specified neighbor; defendant says he was to thresh for plaintiff at a later time. When the time to thresh, under plaintiff's version, had arrived, defendant refused to come, whereupon plaintiff stacked his flax at an expense of $125. When defendant thought the proper time had arrived, plaintiff would not let him do the job. Some other thresher did the work later in the fall, and in the meantime the price of flax had dropped 30 cents a bushel. Plaintiff brings this action in district court, asking for two items of damage,—first, for the $125 which he had paid for stacking his flax; and, second, for the 30 cents a bushel drop in the market price of 700 bushels of flax. The case was tried to a jury, who found in favor of the plaintiff and assessed his damages at $25, instead of the $335 demanded. The trial court taxed costs in favor of the defendant upon the theory that the action should have been brought in the justice

court. As the taxable costs exceeded the amount of the verdict, defendant was really a little to the good and did not bother to appeal. Plaintiff, however, appeals from the order denying him a new trial.

(1) Appellant says in his brief: "If the plaintiff was entitled to recover anything, he was entitled to recover $335, being the loss he actually sustained. There is no evidence in the record warranting the jury in finding for the plaintiff for only $25." It is evidently his desire to get a new trial in order that he may recover a larger verdict next time. He is attacking the validity of his own verdict, because—as he says—there is no evidence to sustain it. On the other hand he does not claim that the evidence is such that he was entitled to a directed verdict for any amount. We do not agree with his logic. The court had, no doubt, the right to set aside the verdict if unsupported by evidence. It also had the right to set it aside if it was palpably inadequate, but the facts do not call for any such relief. It is almost too clear for argument that the depreciation in the price of flax was not chargeable to the defendant. Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250; Lynn v. Seby, 29 N. D. 420, L.R.A.1916E, 788, 151 N. W. 31. It was apparent to the jury that the cost of stacking the flax was not chargeable to the defendant without proper deductions for the lessened expense of threshing the same. Gathering the grain together in one place must be done in shock threshing as well as in stack threshing, and it is only the ultimate difference in cost which should be allowed as damages. The jury, no doubt, took into consideration all of those facts. As the defendant has not complained of the verdict it will stand.

(2) The taxation of costs in favor of the defendant provokes the second assignment of error. Section 7794, Comp. Laws 1913, reads as follows: "Costs shall be allowed of course to the plaintiff upon a recovery in the following cases: 1. . . . 2. . . . 3. In the actions of which a justice's court has no jurisdiction. 4. In an action for the recovery of money when the plaintiff shall recover fifty dollars. . . . Costs shall be allowed of course to the defendant in the actions mentioned in this section unless the plaintiff is entitled to costs therein." Appellant submits no cases in point, and the only cases upon this subject coming to our attention (those from South Dakota and the ones therein cited) appear to be against his contention. The South Dakota

decisions upon the identical statute start with Pyle v. Hand County, 1 S. D. 385, 47 N. W. 401, where the plaintiff brought suit in the circuit (corresponding to our district) court, for $271.95, and the jury gave him a verdict for $1. The court says: "Should plaintiffs, however, bring their actions in the higher courts, when the subject-matter was within the jurisdiction of justice of peace courts, a penalty was fixed against them, by requiring them to pay the costs of the action, unless the recovery was for $50 or more. The test is, Had the court of justice of the peace jurisdiction of the subject-matter at the time of the institution of the suit? If it had, a recovery for less than $50 by the plaintiff subjects him to the penalty of paying the costs."

In De Smet Twp. v. Dow, 4 S. D. 163, 56 N. W. 84, suit was brought in the circuit (district) court for an amount in excess of the jurisdiction of the justice of the peace, but the recovery was for $40.71. The court says: "We are of the opinion that the true construction of that provision, taken in connection with § 6042, conferring jurisdiction on justices' courts, is that the defendant is entitled to costs in an action for the recovery of money, when the plaintiff recovers less than $50, where the justice would have had jurisdiction of the subject-matter in case the claim stated in the summons or complaint had been made for a sum within the jurisdiction of the justice. In other words, in determining the question as to the party entitled to costs, the amount claimed in the summons or complaint in the circuit court is not material if the amount recovered is less than $50, and the justice's court would have had jurisdiction of the action if the amount recovered had been claimed in an action in a justice's court. If the amount claimed in the action in the circuit court could be considered in determining the question of costs, it would be in the power of any plaintiff to bring his action, whatever his claim might be, in the circuit court, and recover costs by claiming an amount in his complaint in excess of the jurisdiction of a justice, though he might recover less than $50. Such a construction of the statute is entirely inadmissible. The evident intention of the legislature in adopting the provisions of the statute requiring the plaintiff to pay costs whenever he recovers less than $50 in an action that might have been brought in a justice's court was to prevent parties from instituting suits in the courts of record to recover demands really within the

jurisdiction of justices of the peace, by imposing the penalty of payment of costs upon the plaintiff when he fails to recover $50 or more. It matters not, therefore, what the plaintiff claims in his complaint, if he recovers less than $50 in a case in which a justice's court has jurisdiction of the subject-matter. The construction we give to our statute seems to be the construction given to a similar provision of the Code of the state of New York by the courts of that state."

In Laney v. Ingalls, 5 S. D. 183, 58 N. W. 572, the court says: "The jury found, by its verdict, that defendant was indebted to plaintiff in the sum of $36.12, which amount was within the jurisdiction of a justice of the peace; and the pleadings show that a justice of the peace could have tried the case had plaintiff claimed no more than he was entitled to recover. By demanding more than was justly due, plaintiff placed his claim beyond the jurisdiction of a justice of the peace; and, when it is found that the amount to which he is entitled is within such jurisdiction, that fact is presumed to have been within his knowledge at the time the suit was instituted, and he ought not to be permitted to deprive the defendant of a speedy and comparatively inexpensive trial in a justice's court, and at the same time burden him with the unnecessary costs and disbursements of a trial in the circuit court." Citing: Alexander v. Hard, 42 How. Pr. 131; Landsberger v. Magnetic Teleg. Co. 8 Abb. Pr. 35; Kreuger v. Zirbel, 2 Wis. 233; Peet v. Warth, 1 Bosw. 653; Mechl v. Schwieckart, 67 Barb. 599. See also: 11 Cyc. 41 and 5 Standard Proc. p. 878.

To be true, most—if not all—of those cases were suits upon a promissory note, but some of these showed upon their face an amount in excess of the jurisdiction of the justice's court, and the verdict was reduced by counterclaim. The reason for the adoption of this section as given by the South Dakota court applies as well to tort actions as to actions upon promissory notes, and we see no reason for drawing the distinction desired by appellant. It follows, therefore, that the trial court assessed the costs against the proper party, and the judgment is in all things affirmed.