WEBER CHIMNEY COMPANY, a Corporation, Appellant, v. T. P. RILEY, Respondent.

(167 N. W. 753.)

**District court — balance of account — action to recover — amount recovered — governs right to costs — recovery of fifty or more — amount reached by including interest — carries costs.**

In an action in the district court to recover the balance of an account on which there is due, and on which plaintiff recovers, $50 or more, he is entitled to costs under § 7794 of the Compiled Laws of 1913, even though the award equals or exceeds that amount only by virtue of the inclusion of interest on the principal sum demanded and awarded.

Opinion filed May 1, 1918.

Appeal from the District Court of Cass County, *Cole,* J.

Plaintiff appeals.

Reversed and remanded.

*Pfeffer & Pfeffer,* for appellant.

Our statutes distinguish between the terms "costs" and "disbursements." The former does not include the latter. Comp. Laws 1913, §§ 7790, 7793, 7794.

A verdict for a specified amount, with interest thereon from a certain date at a certain rate, is a good verdict and is sufficiently definite; and where the sum allowed, with interest so computed and added amounts to $50 or more, the party is entitled to recover costs. Gaff v. Hutchinson, 38 Ind. 341; Page v. Cady, 1 Cow. 115; Burton v. Anderson, 1 Tex. 93; Evans v. Reeves (Tex.) 26 S. W. 219; Douglass v. Nichols, 133 Mass. 470; Joannes v. Pangborn, 6 Allen, 243; Loring v. Morrison, 25 App. Div. 139, 48 N. Y. Supp. 975, 5 Ann. Cas. 151; Nelson v. State, 2 Ind. 249.

*Barnett & Richardson,* for respondent.

The term "costs" includes "disbursements" under our statute. The statute makes no distinction between the two expressions. Wheeler v. Westgate, 4 How. Pr. 269; Emerick v. Krause (Wis.) 9 N. W. 16; Bond v. R. R. (Cal.) 128 Pac. 786; Code, § 7724.

The accumulation of interest on plaintiff's claim was due to its own delay in presenting or prosecuting its claim, and should not be allowed to be added to the actual amount of the verdict in order to increase the whole to a sum greater than $50, and thus carry costs. The action should have been brought in justice court. Such is the clear intention of the legislature. § 7794, subd. 3; Laney v. Ingalls (S. D.) 58 N. W. 572; Pyle v. Co. (S. D.) 47 N. W. 401; Paulson v. Sorenson, (N. D.) 157 N. W. 473.

The matter of costs is purely statutory. Murphy v. Casey (Cal.) 110 Pac. 956.

The word "recovery" has no reference to interest or costs. It relates entirely to the principal sum or amount in dispute, and all other matters are mere incidents. Code, § 7794; 5 Enc. Pl. & Pr. 160, note 2 (cases cited); Andrews v. Austin, 19 Mass. 528; George v. Pangborn, 33 Mass. 243; Van Horne v. Petrie, 2 Caines, 213; Steel v. Co. 2 Johns, 283; Ross v. Doe, 13 Johns, 306; Seaman v. Bailey, Colem & G. Cas. 391;

Mayer v. Arnold, 43 N. J. L. 144; Proctor v. Bailey, 5 Blackf. 495; 7 Words & Phrases, p. 6020.

CHRISTIANSON, J.   Plaintiff brought this action in the district court of Cass county to recover the balance due upon an account.   The jury returned a verdict in favor of the plaintiff for $43.33, with interest thereon at 6 per cent per annum from September 23, 1914.   The interest amounted to $8.20.   The total amount of the verdict, principal and interest, therefore, was $51.53.

The sole question presented for our determination on this appeal is whether plaintiff is entitled to recover costs.   The trial court held that a plaintiff in an action for the recovery of money must recover at least $50, exclusive of interest, in order to be entitled to costs, and hence, refused to allow costs to the plaintiff.   We believe the trial court was in error.

The allowance of costs depends entirely upon the terms of the statute. Butler Bros. v. Schmidt, 32 N. D. 360, 155 N. W. 1092.   Section 7794, Comp. Laws 1913, provides: "Costs shall be allowed of course to the plaintiff upon recovery  .  .  .   in an action for the recovery of money when the plaintiff shall recover $50."

In this case plaintiff was entitled to interest as a matter of right, and the jury had no discretion as to its allowance.   Comp. Laws 1913, § 7142.   The verdict in the case was specific.   It awarded $43.33, with interest thereon at the rate of 6 per cent per annum from September 23, 1914.   The amount of the interest was merely a matter of calculation.   The sum awarded by the jury in the verdict was $51.53. The statute is plain, and its meaning clear.   No reference is made to, or distinction made between, principal and interest.   The right to costs (in actions like the one at bar) is made dependent upon the amount recovered, and not upon the amount demanded in the complaint.   Laney v. Ingalls, 5 S. D. 183, 58 N. W. 572; Paulson v. Sorenson, 33 N. D. 488, 157 N. W. 473.   A party who owns an obligation on which there is due, and on which he recovers, $50 or over in a suit in the district court, is entitled to costs.

In considering the same question under a statute quite similar, the appellate division of the New York supreme court said: "On the last trial the plaintiff recovered judgment in the sum of $50.08   This was made up of $45.50 found to be due to the plaintiff upon the note

in suit, and $4.58 of interest thereon.    The appellants insist that this interest cannot be regarded as part of the recovery for the purpose of fixing the right to costs, and that, inasmuch as the principal sum due on the note was less than $50, the plaintiff is not entitled to costs, under § 3228 of the Code of Civil Procedure.    It seems to us, however, immaterial how the verdict is made up, if the total amount awarded by the jury equals or exceeds the sum of $50." Loring v. Morrison, 25 App. Div. 139, 48 N. Y. Supp. 975.   See also Douglas v. Nicholas, 133 Mass. 470; Knecht v. Freyman, 86 Pa. 333; 5 Standard Proc. 874.

There is, however, a distinction between interest accruing before, and included in, the verdict, and interest on the verdict from the time of its return until judgment is rendered.   Interest awarded by the jury in the verdict is part of the amount recovered by the prevailing party. But interest on the verdict is not ordinarily deemed a part of the recovery in determining the right to recover costs.   Under our statute such interest is designated as costs to be taxed in favor of the party entitled thereto.   Comp. Laws 1913, § 7799.

The decision of the trial court is reversed, and the cause remanded, with directions that costs be taxed and allowed in favor of the plaintiff.