ANTONIO D'APRILE, Appellant, v. THE TURNER-LOOKER COMPANY, Respondent.

Fourth Department, May 7, 1924.

Sales — action by buyer for conversion — seller recovered judgment in prior action for purchase price but during pendency thereof sold goods — buyer may maintain this action for conversion without first paying or tendering purchase price — resale by seller under Personal Property Law, § 141, subd. 1, is inconsistent with action under Personal Property Law, § 144, subd. 1, to recover purchase price — resale was unauthorized by statute and constituted conversion — damages — buyer entitled to recover as damages highest market price within reasonable time after knowledge of resale — buyer entitled to interest from time he had knowledge of resale — amount of judgment recovered against buyer for purchase price deducted from buyer's damages — buyer is entitled to costs.

A buyer of goods may maintain an action against the seller for conversion based on the resale of the goods by the seller pending an action by it to recover the purchase price from the buyer, in which action the seller was successful, without paying or tendering the purchase price of the goods.

The resale of goods by a seller under subdivision 1 of section 141 of the Personal Property Law is inconsistent with an action by the seller under subdivision 1 of section 144 of the Personal Property Law, to recover the purchase price, and where the seller, pending an action to recover the purchase price in which he is successful, resells the goods, his act constitutes a conversion.

In an action for conversion the buyer is entitled to recover as damages the highest market price of the goods within a reasonable time after he became aware of the conversion, and he is entitled to interest thereon from the time that he had knowledge that the seller had converted the goods.

The seller having recovered a judgment against the buyer for the purchase price of the goods, the amount of that judgment will be deducted from the damages to which the buyer is entitled, since the prior judgment is a lien upon the goods, but the buyer will be entitled to costs in his action for conversion, since the damages after the deduction plus the interest thereon amount to more than fifty dollars.

APPEAL by the plaintiff, Antonio D'Aprile, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Livingston on the 8th day of

October, 1923, upon the decision of the court rendered after a trial at the Livingston Trial Term before the court without a jury, dismissing the complaint upon the merits.

*Charles D. Newton* [*Edwards P. Ward* of counsel], for the appellant.

*Robert Averill,* for the respondent.

SEARS, J.:

On the 10th day of May, 1918, the parties to this action entered into a contract for the sale by the defendant to the plaintiff of ten barrels of Kentucky whisky in bond at the price of three dollars per gallon. On the following day the defendant made a draft upon the plaintiff for the purchase price and attached to it certificates of the bonded warehouse properly indorsed for ten barrels of Kentucky whisky. The certificates described the barrels so that they could be identified. The plaintiff refused to pay the draft and accept the warehouse certificates. The defendant herein during the month of August, 1918, brought suit against the plaintiff for the purchase price of the goods sold, under the provisions of the 1st subdivision of section 144 of the Personal Property Law (as added by Laws of 1911, chap. 571), on the theory that the tender of the warehouse receipts was sufficient tender of the goods under the contract and that the title to the whisky had passed to the buyer. The plaintiff served an answer, and after a trial the action resulted in a judgment in favor of the defendant (the seller) for the full amount of the purchase price. This judgment was affirmed both in the Appellate Division (*Turner-Looker Co.* v. *Aprile,* 195 App. Div. 706) and in the Court of Appeals (234 N. Y. 517). The judgment, following the affirmance by the Court of Appeals, was entered on March 30, 1921, and was for the sum of $1,799.45.

While that action was pending the defendant sold the ten barrels of whisky described in the warehouse receipts to a third party at ninety-five cents per gallon, making $418.81 for the ten barrels.

In the majority opinion of this court attention is called to the circumstances that the complaint in that action alleged that the seller was in possession of the whisky in question and that such was the fact at the time of the commencement of the action, and, further, that the answer on behalf of the buyer did not allege such resale as a defense, and that the buyer did not ask to amend his answer, and the opinion stated that such being the facts, the disposition by the trial court awarding the seller the full purchase price was justified under the pleadings. The opinion did, however, contain this language: " The plaintiff had elected to bring its

action for the purchase price and fixed the title of the whisky in the defendant, and it may be that when it sold the whisky for ninety-five cents a gallon it was selling the defendant's whisky without authority and would be liable to the defendant for all damage caused to him thereby, but that question was not pleaded or litigated. Possibly the defendant was unwise in refusing to accept the offer of the plaintiff to permit him to amend the answer and set up his damages. Having failed to do it, however, he cannot raise the objection now. The cases seem to be conclusive upon this question. (*Schepp Co.* v. *Far Eastern Mfg. Co.*, 168 N. Y. Supp. 636; *Stokes* v. *Mackay*, 147 N. Y. 223.)"

Immediately following the affirmance of the judgment in the action referred to by the Court of Appeals, the plaintiff brought the present suit alleging that the sale of the whisky by the defendant on the 11th day of April, 1919, was a wrongful conversion of the plaintiff's property for which he was entitled to damages. The defendant served an answer in which was pleaded its judgment obtained against the plaintiff in its action for the purchase price of the goods and the case was tried before the court without a jury by consent. The trial court made findings of fact and ordered judgment in favor of the defendant on the theory that the plaintiff could not maintain this action for conversion without first paying the purchase price or tendering it, because until such payment or tender was made the plaintiff was not entitled to the possession of the goods. In so holding we think the learned trial court was in error. The title to the whisky was concededly in the plaintiff at the time the defendant sold the same to a third party. This was determined in the prior action. The basic position of the defendant throughout that litigation was that the title to the property had passed to the buyer and that the defendant was in possession by virtue of its vendor's lien. (Pers. Prop. Law, § 135, as added by Laws of 1911, chap. 571.) If the resale by the defendant was unauthorized in law (a matter which is considered later) it constituted a wrongful disposition of the plaintiff's property. To require a payment of the purchase price or a tender of payment as a condition precedent to recovery, after the seller has put it beyond its power to deliver the goods, would be to require a futile act. In such case an action for conversion can be maintained by the buyer against the seller without payment or tender of payment. (*Smith* v. *Savin*, 141 N. Y. 315; *Mullen* v. *Quinlan & Co.*, 195 id. 109; *Kavanaugh* v. *McIntyre*, 210 id. 175, affg. 151 App. Div. 910, affg. 74 Misc. Rep. 222; *Griggs* v. *Day*, 136 N. Y. 152; *Wilson* v. *Little*, 2 id. 443.)

We are brought, therefore, to a consideration of the question whether the resale was authorized by the statute. An unpaid seller in possession of goods, the title to which has passed to the buyer, has several remedies in addition to his lien. Among these is the right to maintain an action for the purchase price. (Pers. Prop. Law, § 144, subd. 1, as added by Laws of 1911, chap. 571.) Where the buyer has been in default in the payment of the price an unreasonable time, there is a right to resell the goods and after that to recover from the buyer damages for any loss occasioned from breach of the contract or the sale. (Pers. Prop. Law, § 141, subd. 1, as added by Laws of 1911, chap. 571.)

In the instant case the defendant first sued for the purchase price and thereby unquestionably kept alive all its own obligations under the contract. (*Stokes* v. *Mackay*, 147 N. Y. 223.) Pending the action it continued in possession of the property under its lien. Its lien was not terminated by bringing the action. Even the entry of judgment does not terminate the vendor's lien. It continues while the seller remains in possession, until payment or tender of payment. (Pers. Prop. Law, § 137, subd. 2, as added by Laws of 1911, chap. 571; Id. § 134, subd. 1, as added by Laws of 1911, chap. 571; Id. § 135, subd. 1, as added by Laws of 1911, chap. 571; *Stokes* v. *Mackay, supra.*) During the pendency of the action for the purchase price, the defendant by resale attempted to invoke the other remedy mentioned above. It may be conceded that the buyer had been in default of payment of the price for an unreasonable time and if the two remedies, one, the suit for the purchase price, and the other for resale, are not inconsistent, both may be pursued simultaneously. (*Ratchford* v. *Cayuga County Cold Storage & W. Co.*, 217 N. Y. 565.) It may be argued that the resale was but a method of foreclosing the vendor's lien and that in making the resale the vendor fully recognized the title of the buyer and sold as the buyer's agent with the intention of applying the proceeds of the resale upon the purchase price, (*Tuthill* v. *Skidmore*, 124 N. Y. 148; *Urbansky* v. *Kutinsky*, 86 Conn. 22.) The Sales of Goods Act (Pers. Prop. Law, §§ 82–158, as added by Laws of 1911, chap. 571), however, does not refer to such resale as a foreclosure of the vendor's lien. As we read the statute the resale is intended as a part of the machinery for the determination of the seller's damages when the seller is to proceed against the buyer for breach of his contract.

The suit for the purchase price as stated above is on the theory that the contract still subsists. The remedy for breach is upon the theory that the contract is no longer an existing obligation but has given rise to a cause of action for damages. Section 141

of the Personal Property Law (as added by Laws of 1911, chap. 571) contemplates an action on the part of the seller after such a resale, not for the balance of the purchase price after applying the amount received upon the resale, but for the difference between the contract price and the amount secured upon the resale as *damages* for loss occasioned by the *breach* of the contract or sale. Further by the terms of that section the seller is not responsible to the buyer for any profit made upon such resale. This is seemingly inconsistent with the theory that a resale is merely a foreclosure of the vendor's lien. (Willist. Cont. § 553.)

It is also said to be the English rule that the seller after resale cannot recover the price of the goods but may recover damages for the buyer's breach. (Willist. Cont. § 544.)

We deem the remedies inconsistent and the resale pending the suit for the purchase price unauthorized by law.

As the whisky was at the time in question of fluctuating value and the plaintiff did not become aware of the resale until June 17, 1920, the value to be used as a basis for the plaintiff's damages is the highest market price within a reasonable time after the plaintiff became aware of the conversion within which he could determine whether he would purchase other goods in place of those which the defendant had resold. (*Mayer* v. *Monzo*, 221 N. Y. 442.) Under the proof this would make the value $3.50 per gallon and the total value $1,763.20. Interest should be allowed on this sum from June 17, 1920. As the plaintiff's title to the goods was subject to a valid lien in favor of the defendant for a sum which has been reduced to judgment, his damages are limited to the value of the property less the amount of the purchase price for which the defendant held a lien, that is, less the judgment. (*Smith* v. *Savin, supra; Barber* v. *Halhaway*, 47 App. Div. 165; affd., 169 N. Y. 575; *Davis* v. *Bliss*, 187 id. 77; 2 Sedg. Dam. [9th ed.] §§ 497e, 497f; Suth. Dam. § 1137; *Kavanaugh* v. *McIntyre*, 74 Misc. Rep. 222.)

Interest on the value of the whisky, $1,763.20, from June 17, 1920, to March 30, 1921, the date of the entry of the prior judgment in favor of the defendant amounts to $83.16, so that the total of principal and interest on the later day was $1,846.36, from which must be deducted the amount of the judgment, $1,799.45, leaving $46.91, for which sum, with interest thereon from the 30th day of March, 1921, the plaintiff is entitled to judgment.

The allowance of the amount of the lien in reduction of the sum due the plaintiff from the defendant works a satisfaction of the prior judgment in favor of the defendant and against the plaintiff. The balance with interest being for over fifty dollars the recovery

carries costs. (*Loring* v. *Morrison*, 25 App. Div. 139; Civ. Prac. Act. §§ 1470, 1472.)

New findings should be made in accordance with the opinion and the judgment reversed, with costs, and judgment ordered in favor of the plaintiff and against the defendant for forty-six dollars and ninety-one cents, with interest thereon from March 30, 1921, with costs.

All concur.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff for forty-six dollars and ninety-one cents, with interest from March 30, 1921, with costs. Findings disapproved and new findings made.