JOSEPH ULLMANN BROKERAGE CORP., Plaintiff, *v.* ROLAND ZIMBAL et al., Doing Business under the Name of SAUK TRAIL MINKERY, Defendants.

City Court of the City of New York, Special Term, New York County, February 1, 1952.

*Sidney S. Korzenik* for defendants.

*H. William Rosenblum* for plaintiff.

Parella, J. Motion by defendants for retaxation of certain costs and disbursements allowed by taxing clerk pursuant to modification of judgment of this court by Appellate Term on plaintiff's appeal.

The defendants object to various items in the bill of costs and these objections will be taken up in the same order as they appear in the supporting affidavit.

Defendants' objections numbered 1 and 2 as to the items of costs after notice of trial and to the trial fee on issues of fact are without merit. The right to costs and the amount to be taxed depend upon the statute in force not at the commencement of the action but at its termination, or the time when the right to costs accrues. (*Defendorf* v. *Defendorf*, 42 App. Div. 166; 11 Carmody on New York Practice, § 6, pp. 26–27; *Bergen Glass Co.* v. *Prospect Metal Moulding Co.*, N. Y. L. J., Oct. 18, 1951, p. 895, col. 1, Rivers, J.) In this case the right to costs accrued and became fixed on November 1, 1951, when the order of the Appellate Term, modifying the judgment of this court, was entered in the office of the clerk of said Appellate Term. Costs were fixed by the statute then in effect, being subdivisions 2 and 3 of section 1504-a of the Civil Practice Act (added by L. 1951, ch. 502), in effect September 1, 1951, and this statute controls as to the amount of costs to be allowed.

Defendants' objection numbered 3 is likewise without merit. The amount objected to, namely, $93.52, is arrived at by applying the formula set forth in section 1512 of the Civil Practice

Act to the sum of $2,676.11, which amount includes an item of interest of $278.88. The amount recovered, as used in the statute, includes interest, so that the sum of $2,676.11 is the proper base for computation instead of $2,397.23, the amount contended for by the defendants (cf. *Clegg* v. *Aikens,* 8 N. Y. Civ. Pro. Rep. 249, mod. and affd. 46 Hun 677, opinion in 11 N. Y. St. Rep. 354, affd. 109 N. Y. 612, and *Loring* v. *Morrison,* 25 App. Div. 139).

Defendants' objection numbered 4 cannot prevail. The court agrees with the plaintiff that there is an error in the printed form of the bill of costs herein in that the item of $40, taxed under paragraph b of subdivision 1 of section 1508 of the Civil Practice Act, was labelled " before argument " whereas it should have read " for argument ". The clerk was entirely correct in allowing both the items of $20 and $40 pursuant to section 1508 of the Civil Practice Act (*Sachs* v. *Screen Tek,* 279 App. Div. 632).

As to the remaining objection, counsel for the defendants, in their affidavit submitted in support of the motion, objected to the taxation with respect to stenographer's fees and printing costs, and urged " that defendants ought not to be required to pay so large a sum unless sufficient supporting evidence of this disbursement be submitted to the court and an opportunity offered to the defendants for the examination thereof; taxed without notice, no such opportunity has been given ". After the submission of this motion and pursuant to my direction, counsel for both sides appeared before me and plaintiff's counsel exhibited to defendants' counsel the paid bills in question, and thereafter there being no specific objection to any of the items contained in the said bills as such, the taxation thereof is approved.

Accordingly, the motion for retaxation is denied in all respects.

Receipts submitted by plaintiff's counsel may be called for at chambers.