## RUTHRUFF v. FAUST.

1. SALES—ACTION FOR PRICE—INSTRUCTIONS—PROPRIETY.
   In an action on the common counts for the price of a cultivator sold, it being defendant's claim that the cultivator had never been completed by plaintiff according to contract, an instruction relating to the right of a party to rescind a contract on the ground of fraud or false representation was properly denied as not being within the issues in the case.

2. SAME—INSTRUCTIONS—ASSUMPTION OF FACTS.
   It appearing that defendant had given a note for the purchase price, plaintiff requested an instruction that defendant having received the consideration named in the note, and held the same until maturity, was estopped to deny liability upon the note. Held, that the instruction was properly refused as assuming as a fact the defendant had received the consideration, the question at issue in the case.

3. SAME.
   It appearing that the note was given to a third person, and that plaintiff was not entitled to rely upon it, but must rely upon the contract of sale, instructions basing his right of recovery upon the note were properly refused.

4. TRIAL—ARGUMENT OF COUNSEL.
   It being the duty of the court, and not of counsel, to lay down

to the jury the rule of law which should guide them in their deliberations, it was not error for the court to refuse to permit counsel to argue to the jury their duty to deduct defendant's damages from the amount due plaintiff and give plaintiff a verdict for the balance.

Error to Washtenaw; Kinne, J. Submitted June 16, 1908. (Docket No. 22.) Decided October 5, 1908.

Assumpsit by Louis Ruthruff against Lewis N. Faust for goods sold and delivered. There was judgment for defendant, and plaintiff brings error. Affirmed.

*Lee N. Brown,* for appellant.

*John P. Kirk,* for appellee.

MONTGOMERY, J. This action originated in justice's court. Plaintiff declared orally on all the common counts for the value of a certain cultivator bought by the defendant of plaintiff. Defendant pleaded the general issue. The defendant recovered before the justice, and plaintiff appealed to the circuit court. On the trial in the circuit court the plaintiff offered testimony tending to show that in the spring of 1904 he sold the defendant a cultivator for the stated price of $30, reserving title in himself until the full purchase price was paid. The defendant's testimony tended to show that at the time the cultivator was delivered to the defendant, it was agreed that certain attachments, consisting of shields, teeth, and center tooth connection, and an extension axle, were to be furnished before the cultivator was complete. The defendant took the cultivator home and used it in 1904, and also in the spring of 1905. The plaintiff called upon defendant for payment, and he refused to pay unless the cultivator should be made complete by furnishing the extension axle, but offered to pay if the extension axle should be furnished. It appears that the note in question was made payable, not to the plaintiff, but to D. M. Osborne & Co., and at the close of the testimony the defendant made the point that the promise, if any, was to

D. M. Osborne & Co., and that there could be no recovery. Plaintiff's counsel then stated:

"We have declared upon the common counts. We have not declared upon any note."

The court held that, inasmuch as the declaration was on the common counts, and the evidence had been received, without objection, tending to show a sale between the parties to the suit, he would submit the case to the jury, and further stated that he did not think the paper was admissible in the case at all. The court submitted to the jury the question of whether the sale included the extension axle, and charged the jury that if it did, and plaintiff refused to furnish the extension axle, the defendant was entitled to recover, but that if the sale did not include the extension axle, the plaintiff was entitled to recover.

The plaintiff submitted the following requests:

"(1) To entitle a party to rescind a contract on the ground of fraud or false representation, he must act promptly upon his discovery of the fraud, and must restore the party to the same condition that he would have been in had not the contract been made.

"(3) The defendant in this case, having received the consideration named in the note, and held the same until maturity of said note, is now estopped from denying liability under the same.

"(4) This note should be considered as any other promissory note, with the simple addition of a security clause.

"(5) The burden of proof in case like one at bar is shifted, and the defendant must prove his position by way of confession and avoidance by a fair preponderance of testimony."

Errors are assigned in this court upon refusal to give each of these requests, and it is also assigned as error that the court refused to allow plaintiff's counsel to argue to the jury that it was the duty of the jury to subtract defendant's damages from the amount due the plaintiff and give plaintiff judgment for the balance. There is no error assigned upon the charge of the court as given. The case must be determined upon the assignments of error as

made. The first request of plaintiff relates to the subject of rescinding the contract on the ground of fraud or false representation. It is obvious that it has, no application whatever to this case. There was no charge of fraud or false representation in the making of the contract, but the defendant contended that the contract had not been complied with. The third request to charge is faulty in that it assumes that the consideration named in the note had been fully received by the defendant, and that he was therefore estopped. The question of whether the full consideration for the note had been received by the defendant was the very question in controversy in the case. The fourth request is that the note should be considered as any other promissory note, with the simple addition of a security clause, and the fifth that the burden of proof is shifted to the defendant to prove his position by way of confession and avoidance. These two requests appear to be based upon the contents of the note; and, as the note does not appear in the record in the case, we are unable to say how appropriate they might have been if we had the note for examination. It is obvious, however, that the plaintiff was not in a position to rely upon this note, as it was not a note payable to him at all, but he must have relied upon the contract.

The one remaining assignment of error is without merit. It was not the province of plaintiff's counsel to lay down to the jury the rule of law which should guide them in their deliberations. This was the duty of the court, and not of counsel. The assignments of error do not present the question of whether the proper rule was laid down by the court. It should be remarked, however, that the question of the application of a rule that, where the defendant has accepted the benefit of a part performance of a contract, the plaintiff may recover upon the quantum meruit, as held in *Allen* v. *McKibbin*, 5 Mich. 449, if it had been properly presented by the assignments of error would perhaps, in the present case, turn upon the question of whether title to this property had passed to the defend-

ant, or whether, under the contract, as testified to by the plaintiff, the title still remained in him at all times.

We find that none of the assignments of error are well founded, and the judgment will be affirmed.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.