KITCHEN *v.* HILL.

1. AMENDMENT—PLEADING—CONTRACTS—BREACH — QUANTUM MERUIT—APPEAL AND ERROR.

In an action for the percentage claimed to be due under a contract whereby plaintiff was to superintend the construction of several houses at a certain price per hour and three per cent. of the value, where the contract was breached but whether through the fault of plaintiff or defendants was in dispute, it was not reversible error for the trial court, at the conclusion of the proofs, to allow an amendment of the declaration by adding the common count of *quantum meruit.*

2. TRIAL—DAMAGES NOT CLAIMED.

Where a contract for superintending the construction of several houses on a percentage plan was breached, and plaintiff brought an action for the percentage due on the work done, it was error for the trial court to submit to the jury the question of loss of profits on the houses not constructed.

3. WORK AND LABOR—CONTRACTS—BREACH—QUANTUM MERUIT — MEASURE OF DAMAGES.

In an action for services rendered under a contract which was breached, if the plaintiff did not breach the contract he was entitled to the compensation provided therein; if he did breach the contract, as against defendants' claim for damages arising from the breach, he was entitled, on the *quantum meruit,* to credit for the value of the services rendered, not exceeding the contract price, and, if such credit exceeded the said damages of defendants, plaintiff was entitled to judgment.

4. SAME—SPECIFIC PROOF AS TO VALUE OF WORK DONE NECESSARY.

Where the contract was breached and the houses only partially constructed, the proof should be specific as to the value of the work done for which compensation is sought, although it does not seem to be questioned that the percentage fixed in the contract represented the fair

value of plaintiff's services not exceeding the contract price.

5. APPEAL AND ERROR—MAY NOT COMPLAIN OF REQUESTED INSTRUC-
  TION.

  A party requesting an instruction may not complain thereof because unfavorable to opponent.

6. CONTRACTS—BREACH—RECOVERY UNDER QUANTUM MERUIT.

  Although one may not profit by his own wrong, a plaintiff may be entitled, on the *quantum meruit*, to a verdict and judgment in spite of his breach of contract.

7. TRIAL—INSTRUCTIONS—WORK AND LABOR—CONTRACTS—BREACH
  —IMPLIED CONTRACTS.

  In an action for services rendered under a contract or on the *quantum meruit* on a breach thereof, *held*, under the proofs, that an instruction respecting the right to recover upon an implied contract was not required.

Error to Oakland; Rockwell (Kleber P.), J.  Submitted June 7, 1921.  (Docket No. 5.)  Decided October 3, 1921.

Assumpsit by Norman A. Kitchen against J. Price Hill and another for breach of a contract of employment.  Judgment for plaintiff, defendants bring error.  Reversed.

*Andrew L. Moore,* for appellants.

*Robert D. Heitsch,* for appellee.

CLARK, J.  For 75 cents an hour and 3 per cent. of the value, commonly called a bonus, plaintiff agreed to superintend the building of several houses for defendants.  When the work was partially completed, trouble arose between the parties and their relations ended.  Plaintiff sued for the percentage, claiming $867.  He had verdict and judgment for $525.41.

Defendants, assigning error, say:

1. That the court erred in allowing an amendment

to the declaration. The declaration pleaded at length the facts as claimed by the plaintiff, among them that plaintiff had been discharged from the employment without cause and sought recovery only for the percentage on that part of the work which had been done. Defendants pleaded the general issue and gave notice of a counterclaim for damages arising from plaintiff's unreasonable delay in construction, being the advance in the cost of materials and labor and the cost of carrying the investment and for further damages for faulty and defective construction of the houses. Defendants also claimed that plaintiff had wilfully left the employment and was not discharged.

Seemingly, the claim of the defendants that plaintiff had breached the contract led plaintiff's counsel at the conclusion of the proofs to ask an amendment of the declaration by adding the common form of *quantum meruit* count. When defendants' counsel objected, the court said:

"Under the provisions of the judicature act, I think I am obliged to grant the motion to amend the declaration. Do you care to offer any additional proof under this count, before the case is submitted to the jury?"

and defendants' counsel replied:

"No, we prefer to stand on the pleadings as they were and not in any way obscure the issue."

That the amendment was necessary for a recovery by plaintiff we need not determine. Its allowance cannot be said to be reversible error. See *Lian* v. *Bradford & Co.*, 209 Mich. 172, and cases cited.

2. That there was error in the charge. The plaintiff's claim in his declaration and bill of particulars was for the percentage on the work done, compensation at the contract price, and the evidence in his behalf was in support of such claim. To the instruction

as to the percentage, at plaintiff's request, the court added:

"And in addition thereto, he would be entitled to recover for the loss of profit, if any, which he sustained by reason of the defendants' refusal to permit him to complete the houses which he had started under orders received from the defendants."

This was error, and we cannot say that it was not prejudicial to defendants. As the case must go back for a new trial, other questions should be considered.

Each side claimed a breach of contract. In his charge the trial court sought to explain plaintiff's right of recovery as affected by these conflicting claims, and the instructions are said to be erroneous. The following is so characterized:

"In case you find that the plaintiff breached the contract, nevertheless, plaintiff should be entitled to the credit of three per cent. upon the finished houses and upon such proportion of the unfinished houses as had been built at the time he was ordered to leave, if he was ordered to leave."

But there was further instruction:

"Now, I say to you, gentlemen, that all of these several claims of the defendants are for your consideration. It is for you to determine whether or not defendants have suffered loss and damage because of plaintiff's conduct and if you find that defendants have suffered loss and damage, then they are entitled to a judgment against plaintiff for the amount of that loss and damage.

"In arriving at your verdict, if you find a judgment in favor of plaintiff for some amount and should also find a judgment in favor of defendants for some amount, then you will off-set the amount found in favor of the one against the amount found in favor of the other and render a judgment in favor of the party who shall have a balance due after offsetting the one claim against the other.

"If the claim of plaintiff shall be fully off-set by the

claim of defendants and there is no balance in favor of either, then your verdict will be, as the court already advised you, one of no cause of action. If you find a balance in favor of the defendants, then your verdict will be for the defendants, naming the amount."

If the plaintiff did not breach the contract, under the evidence he was entitled to the percentage claimed. If he did breach the contract, as against defendants' claim for damages arising from the breach, he was entitled, on the *quantum meruit*, to credit and compensation for the services rendered not exceeding the contract price, being under the evidence the said percentage on the work done, and if such credit exceeded the said damages of defendants, plaintiff was entitled to judgment. See *Allen* v. *McKibbin*, 5 Mich. 449. It does not seem to be questioned that the percentage represented the fair value of plaintiff's services not exceeding the contract price, but the proof should be specific as to the value of the work done, for which compensation is sought. The jury should not be permitted to speculate on the value of the houses, completed or partially completed. But we quote again from the charge:

"I advise you further that if you find that plaintiff breached this contract, then he cannot recover, for it is not the policy of the law that one can make a contract and then breach it and then claim damages because of the breach, and so in this case, if the contract relations between the plaintiff and the defendants terminated because of the wrongful act of the plaintiff or because he breached the contract, then he cannot recover."

Of this instruction, requested by the defendants, they may not complain. It was not favorable to plaintiff. One may not profit by his own wrong, have damages because of his breach of contract, but, as we have seen, a plaintiff may be entitled, on the *quantum*

*meruit,* to a verdict and judgment in spite of his breach of contract. See *Allen* v. *McKibbin, supra; Manistee Navigation Co.* v. *Filer,* 185 Mich. 302.

Plaintiff's counsel says that if in the excerpt from the charge last above quoted the word "recover" in each instance had been followed by the word "damages," it would not be objectionable. But plaintiff sought recovery only for the percentage on the work done, and, though contending that defendants breached the contract, he claimed judgment for the percentage only.

An instruction respecting the right to recover upon an implied contract was given. This was not required under the proofs.

For the error pointed out, the judgment is reversed, with costs to defendants. New trial granted.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.