OAKLEY *v.* DULUTH SUPERIOR DREDGING CO.

1. Contracts—Pleading—Declaration—Trial—Error to Allow Recovery on Contract Not Claimed in Declaration.

In an action against a contractor by a subcontractor, where the declaration averred a contract for constructing and leveling a dike at a certain price per linear foot, but averred that plaintiff was prevented by defendant's delay from completing the work before the ground froze, making it impossible for plaintiff to complete the contract, and ending by stating plaintiff's notion of measuring his damages by allowing him the actual cost to him of the work performed plus 25 per cent. for, the use of his personal time and essential machinery but making no claim of any contract to such effect, the trial court was in error in submitting the case to the jury on the theory of a cost plus basis.

2. Same—Breach of Contract—Question for Jury.

Whether plaintiff was justified in abandoning the contract when he did, *held*, under the proof, a question of fact for the jury.

3. Same—Work and Labor—Breach of Contract by Plaintiff —Measure of Damages—Recoupment by Defendant.

If the plaintiff has performed valuable services for the defendant under a contract which plaintiff breached, he is entitled to recover therefor at the rate fixed by the contract, less any damages the defendant may have suffered by reason of failure in complete performance.

4. Same — Breach of Contract by Defendant — Measure of Damages.

If plaintiff did not breach the contract, but was prevented from performing by defendant, plaintiff may sue in assumpsit for the work and labor performed and recover the value thereof not exceeding the contract price.

5. Same—Evidence—Admissibility.

Testimony of the total price paid defendant by the owner was prejudicial and should have been excluded.

On abandonment of a contract because of default of other party, see note in 30 L. R. A. 33.

Error to Wayne; Des Voignes (L. Burget), J., presiding. Submitted April 26, 1923. (Docket No. 91.) Decided June 21, 1923.

Assumpsit by Ralph L. Oakley against the Duluth Superior Dredging Company for breach of a contract for dredging. Judgment for plaintiff. Defendant brings error. Reversed.

*Goodenough, Voorhies, Long & Ryan* (*Russell A. McNair,* of counsel), for appellant.

*William N. Warren,* for appellee.

CLARK, J. In the spring of 1919 defendant had a contract with the owner to construct a dike about certain land at Windmill Point, Wayne county, and to fill the enclosure with soil pumped by sand suckers from the bottom of the lake. It sublet the constructing of a certain dike and the leveling thereof after filling was done to plaintiff at a price of 50 cents per linear foot. When he had constructed 488 feet it was found that the dike was of insufficient height. He obtained a larger trenching machine to construct a higher dike for which he was to be paid 70 cents per linear foot, including both constructing and leveling. Thereafter 2,816 feet of dike were made. Plaintiff found that the dike was to cross the outlet of a creek. The parties agreed that the dike across the creek should be constructed at their joint and equal expense. The sand suckers encountered boulders and the filling was not completed until December. Plaintiff, then having done very little or no leveling, abandoned the contract. For one-half the cost of the dike across the creek plaintiff was entitled to credit for $166.90 and had he completed the work he would have been entitled to $1,971.20 for 2,816 feet and $244 for 488 feet, making a total to which he would have been entitled of $2,382.10. He was paid

$1,488.50, the remainder, as defendant claims, $893.60, was not paid because the leveling was not done. The defendant had the leveling done the following spring at a cost of $1,000. Plaintiff's declaration, after introducing the parties, avers a contract for constructing and leveling the dike at 70 cents per linear foot, that the work of filling was to have been completed within a period of 6 weeks, that the dike was finished about July 2d, that because of delay defendant did not complete the filling until December, that "the earth was then in such a frozen condition that it was impossible for this plaintiff to level off or fill in the said dike," that had defendant completed the filling within a reasonable time "he could have economically leveled or filled in the said dike as the machinery owned by him with which this work was to be done was then at his disposal," that because of other engagements for himself and his equipment "he is unable to complete the leveling or filling in of the said dike," and concludes:

"Plaintiff further says that the actual cost to him for time, labor and material in the construction of the said dike amounts to the total sum of two thousand one hundred and twenty-five dollars and sixty-four cents ($2,125.64), to which he has added a fair and reasonable percentage of 25% ($531.41), for the use of his personal time and his essential machinery and equipment necessary to the construction thereof, which percentage is considerably below the usual contractor's percentage for such work, making a total due of $2,657.05; of this amount he has received $1,488.50, leaving a balance due of $1,168.55, and he therefore brings suit to his damage in the sum of one thousand one hundred and sixty-eight dollars and fifty-five cents ($1,168.55)."

Defendant pleaded the general issue with notice of recoupment. It had testimony that the time for performance of the contract with plaintiff was indefinite and to depend upon the character of soil encountered

by the sand suckers.   Plaintiff had verdict and judgment for $1,069.43.   Defendant brings error.

The plaintiff was permitted to testify of a cost plus agreement with defendant covering the work and the court instructed the jury:

"It is the claim of the plaintiff that they entered into a tentative arrangement whereby the defendant was to be reimbursed for this work and labor upon which is known as a cost basis and percentage; in other words, it is the claim of the plaintiff that the cost was to be computed, and upon that cost he was to receive twenty-five per cent. working basis for his remuneration.   That, in substance, is what is claimed here.   *   *   *

"He contends finally, gentlemen, that the cost of the work performed by him under this tentative arrangement with the defendant was $2,125.64; that under that arrangement he was entitled to twenty-five per cent. commission, or $531.41, making a total as claimed by the plaintiff of $2,657.05.   He admits that the defendant company has paid him the sum of $1,488.50, leaving a balance due, as he claims, of $1,168.55."

This was the theory of plaintiff's case as given to the jury in the charge.   Had the case been tried on that theory without objection probably the question would not require attention.   But we think that counsel for defendant, by objections, few and rather indefinite it is true, have saved the question here raised for review.   The court erred in submitting the case to the jury on a claimed contract or agreement not averred in the declaration.   Probably the declaration, which is not claimed to be insufficient, was made on the theory that plaintiff had performed the contract in part, had been prevented without his fault from completing it, and was entitled to recover on the *quantum meruit*.   The concluding and quoted paragraph of the declaration states merely plaintiff's notion of measuring the damage.   The declaration

is barren of any claim of contract on a cost plus basis.

As the case must go back for a new trial other questions should be discussed.

Whether plaintiff was justified in abandoning the contract when he did was, under the proof, a question of fact for the jury.

If plaintiff breached the contract a rule respecting recovery is stated in *Fuller* v. *Rice*, 52 Mich. 435:

"If the plaintiff had performed valuable services for the defendant under the contract, of which the latter had reaped the advantage, he was entitled to recover therefor at the rate fixed by the contract, less any damages the defendant may have suffered by reason of failure in complete performance. *Allen* v. *McKibbin*, 5 Mich. 454; *Whipple* v. *Parker*, 29 Mich. 369; *Wildey* v. *School District*, 25 Mich. 419; *Burroughs* v. *Morse*, 48 Mich. 520."

See, also, *Kitchen* v. *Hill*, 215 Mich. 668; *Williams* v. *Crane*, 153 Mich. 89; *International Text-Book Co.* v. *Jones*, 166 Mich. 86; *Howell* v. *Medler*, 41 Mich. 641; L. R. A. 1916E, 790; 30 L. R. A. 33.

So if plaintiff breached the contract defendant should have been permitted to recoup damages, if any, occasioned by the breach.

If plaintiff did not breach the contract and if defendant prevented full performance, plaintiff may sue in assumpsit for the work and labor performed and recover the value thereof not exceeding the contract price. See *Allen* v. *McKibbin, supra,* and annotations of that case; 6 R. C. L. p. 976; 40 Cyc. p. 2830; *Mitchell* v. *Scott*, 41 Mich. 108; *Hosmer* v. *Wilson*, 7 Mich. 294 (74 Am. Dec. 716); *Chapman* v. *Dease*, 34 Mich. 375; *Kutzner* v. *Stuart*, 215 Mich. 270. The rule, where the provisions of a contract are apportionable (see *Manistee Navigation Co.* v. *Filer*, 185 Mich. 302) is not applicable here.

Testimony of the total price paid defendant by the

owner under the contract, was, we think, prejudicial and ought to have been excluded.

Judgment reversed, with costs to defendant. New trial granted.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.