ADAMS v. HEALY.

CONTRACTS — PLEADING — PLAINTIFF'S RIGHT TO RECOVER IS ON
QUANTUM MERUIT FOR PARTIAL PERFORMANCE WHERE CONTRACT
NOT APPORTIONABLE.
    In an action on a contract for hauling gravel for the
    building of eight miles of road at a certain price per cubic
    yard, wherein defendant was authorized to withhold 20
    per cent. of the cost of the first four miles until the com-
    pletion of the contract, and plaintiff failed to complete his
    contract, he was not entitled to recover at the contract
    rate for the shorter haul, since the contract clearly was
    not apportionable, and his right to recover should have
    been planted on the *quantum meruit*.

Error to Sanilac; Beach (Watson), J.    Submitted
April 15, 1924.    (Docket No. 72.)    Decided May 8,
1924.

Assumpsit by James Adams against Dan Healy on
a contract for the hauling of gravel.    Judgment for
defendant *non obstante veredicto*.    Plaintiff brings
error.    Affirmed.

*Abbott, Schoeffel & Coulter* and *Fred A. Farr*, for
appellant.

*Wilbur J. Beach*, for appellee.

SHARPE, J.    On May 17, 1922, the parties hereto
entered into a contract in writing whereby plaintiff
agreed to haul the gravel needed for building eight
miles of road for the price of 70 cents per cubic yard.
It was therein provided that defendant might retain
20 per cent. "of the first four miles until the job is
completed."    In the first count of his declaration,
plaintiff alleges that he hauled a total of 4,955 cubic

yards, amounting at the contract price to $3,468.50, and that he has been paid but $1,877.90, leaving a balance due him of $1,590.60.   On this count the jury found in his favor and against him on the second and third counts.   Defendant's motion for a directed verdict had been taken under advisement and, having been renewed after verdict, was granted and a judgment entered for defendant, which plaintiff here reviews by writ of error.   The assignments are based on this action of the court.

The reasons of the trial court for granting the motion are thus stated:

"The jury found that plaintiff had not breached the contract, but defendant had.

"The jury found that plaintiff could not have fully performed the contract and made a profit.

"The jury allowed a recovery on the basis. of the flat rate of 70 cents per cubic yard, measuring the damages by the contract rate and treating it as an apportionable contract.

"The contract was not apportionable at the flat rate of 70 cents per cubic yard for all gravel hauled.   Eight miles were to be hauled at 70 cents per yard.   *Allen v. McKibbin*, 5 Mich. 449-453.

"One yard at one mile haul might cost plaintiff a fractional part of 70 cents, while one yard at an eight mile haul would cost much more than 70 cents.

"This is indicated by the parties agreeing to a retention of 20 per cent. by defendant, the object of which, it is a fair inference, was to protect defendant for over-paying for the short haul.

"Upon any fair computation as to the amount earned by plaintiff at any approximate ratio of the 70-cent contract rate measured also by the quantity of gravel hauled and distance hauled, plaintiff had been paid all that he had earned under the contract rate.

"If the actual cost of hauling what plaintiff did haul was more or less than the contract rate, or ratio of the contract rate, it could only be shown under a *quantum meruit* count and there is no such count in the declaration, and no evidence of the reasonable value of the plaintiff's work.   The court was in error in

permitting the jury to find the contract apportionable and in permitting the jury to find a flat rate of 70 cents per yard for all gravel hauled."

We think the trial court reached the right conclusion. The nature of the contract clearly indicates that it was not apportionable.    The great difference between the cost of hauling gravel one mile or eight is so apparent that it would be a manifest injustice to allow plaintiff for delivering the short haul gravel what had been agreed upon as the average price for all of it.    The contract price was not fixed on the basis of the cost of delivering a single cubic yard, but was agreed upon as a fair price for delivery of what was needed to build the entire eight miles of road.    Plaintiff's right to recover for the gravel delivered should have been planted on the *quantum meruit,* wherein he could have recovered the cost of delivery less the sum paid. *Oakley* v. *Duluth Superior Dredging Co.,* 223 Mich. 478, and cases cited.    As was said in that case:

"The rule, where the provisions of a contract are apportionable (see *Manistee Navigation Co.* v. *Filer,* 185 Mich. 302), is not applicable here."

The judgment is affirmed, with costs to appellee.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.